INTERNATIONAL & G. N. RY. CO. et al.
v. RHODEN. (No. 5493.)

(Court of Civil Appeals of Texas. San Antonio. June 2, 1915. Rehearing Denied June 23, 1915.)

CARRIERS ☞229—CARRIAGE OF LIVE STOCK—ACTIONS—DAMAGES.

A shipment of cattle was negligently delayed so that the cattle lost considerably in excess shrinkage. The cattle brought the market price; the only loss suffered by the shipper being the lost weight. *Held* that, as the measure of damages is the difference between the market value of the stock at the time and in the condition in which they were delivered and their value if delivered in time, the shipper could not, having recovered for shrinkage, also recover for loss in selling appearance, for that would allow a recovery of double damages for the same item.

[Ed. Note.—For other cases, see Carriers. Cent. Dig. §§ 930, 963, 964; Dec. Dig. ☞229.]

Appeal from Houston County Court; C. M. Ellis, Judge.

Action by W. F. Rhoden against the International & Great Northern Railway Company and another. From a judgment for plaintiff, defendants appeal. Reformed and affirmed.

John I. Moore, of Crockett, for appellants. Adams & Young, of Crockett, for appellee.

CARL, J. Appellee sued the International & Great Northern Railway Company and the Texas & Pacific Railway Company for damages to a shipment of cattle from Crockett to Ft. Worth, which shipment was made July 8, 1913.

It is charged that there had been a washout on the road, and appellee requested that his cattle be routed another way, but was informed by the railway employés that the track would be repaired by the time the train reached there. But this was not done, and the cattle were delayed until they reached the Ft. ·Worth market one day late, during which time it is alleged the market declined. It is also pleaded that on account of rough handling 66 head lost in excess shrinkage 20 pounds per head, at $4 per·100, or $79.20 in this respect, and 25 calves lost 10 pounds each, the value of same being $3.24 per hundredweight, or $9.35. And it is claimed that all of said stock lost in damage to their "selling appearance" 15 per cent. of their value, or $61.96, and that one calf was lost at Mineola, valued at $9. The judgment was for $159.51.

Appellant complains that by permitting a recovery for loss in weight, as was done, and also for damage to "selling appearance" of the cattle, a double recovery was thereby permitted, and that the $61.96 is an improper item of damages, because the shrinkage for 'which recovery was permitted was the cause of any unfavorable selling appearance. It is not shown that appellee received less than the market value of his stock according to actual weight, and since he recovered for the loss in weight or excess shrinkage on account of delay and rough handling, to permit him to recover for damage to "selling appearance" would be to permit a recovery for a damage which the evidence fails to show he suffered. The general rule is that the damage is the difference between the market value of the stock at the time and in the condition in which they were delivered and the amount they would have brought if delivered in the time they should have been delivered, and uninjured.

The evidence shows that the market price

of cattle at the time these were delivered was $4 per hundredweight and for calves $3.24 per hundredweight. For this, appellee recovered; and he also recovered $61.96 for loss in "selling appearance," and absolutely fails to show that he sustained a loss in the selling price for the actual weight of his cattle. In other words, if he receives pay for the loss in weight and at the same time gets the market price for their actual weight, less shrinkage, wherein is he not compensated? We can easily see how the injured condition of the cattle, weight lost, and general appearance could form the test as to their market value, and the difference between that figure and what they would have been worth on the market had they arrived in the time and condition they should have arrived would form the correct measure of damages. But appellee tacks about and sues for loss in weight for which he recovers, and, in addition, recovered $61.96 for damage to "selling appearance," without showing that such appearance brought about a lower price for the actual weight than the market value. It is clear that he was not entitled to recover, upon the showing made, for their "selling appearance," when he does not show that he received less than the market price.

Appellee also has a cross-assignment of error, but, finding same to be without merit, it is overruled.

From what we have said, it follows that the judgment should be reformed so as to eliminate the $61.96 item, and affirmed as to the remaining sum of $97.55. The costs of this appeal will be adjudged against appellee.

Reformed and affirmed.